Battle, J.
 

 It is said in the argument here, that the opinion of his Honor in the Court below, was founded upon the authority of the case of
 
 Waddy
 
 v.
 
 Johnston,
 
 5 Ire. Rep. 333. In that case it was held by. a majority of the Court, that none but a person whose land is overflowed by a mill-pond, can have the remedy to recover damages by petition for the injury sustained by the erection of the mill, as provided in the Revised Statutes, ch. 74, sec. 9,
 
 et. seg.
 
 But it was held further, and we presume by the whole Court, in accordance with the previous decisions of
 
 Gillet
 
 v.
 
 Jones,
 
 1 Dev. and Bat. Rep. 339, and
 
 Pugh
 
 v.
 
 Wheeler,
 
 2 Dev. and Bat. Rep. 50, that when the land is so overflowed, the owner may recover full compensation for all the injury he has sustained thereby, whether it be more or less direct; whether it affect his dominion in the land, by taking away its use; or impair the value of that dominion by rendering the land unfit, or less fit, for a place of residence ; or whether the injury, reaching beyond its immediate mischief, extend also
 
 to
 
 the person, or the j>ersonal property, of the petitioner. In each of the three cases to which we have referred, the policy and meaning of the statute have been discussed at length, and with much ability; and in the construction of the statute, with reference to the questions therein established, we entirely concur.
 

 But the present case presents another question : whether the Court, in the case of
 
 Waddy
 
 v.
 
 Johnston,
 
 by the use of the terms,
 
 “
 
 land overflowed by a mill-pond,” meant that the land must be literally covered by the water of the mill-pond; and we are satisfied that they did not. The statute does not, in a single instance, employ the word overflow. It speaks of a person injured by the erection of a public grist-mill, or mill for domestic manufactures or other useful purposes, and ot damage done to his land; but it no where says that the damage must be caused by the land being overflowed, or covered by the water of the mill-pond. Now, it is certain that dam
 
 *525
 
 age may be clone to land by a mill-pond which prevents its being drained, as well as by one which overflows it; and there is nothing in the language, or in the policy of the statute, ■which makes it more applicable to the one case, than to the other.
 
 Thejvrineiple
 
 established in the case of Waddy v. Johnston, is that the proprietor of land to which no damage is done by the mill-pond of another, cannot recover in this mode of proceeding, for an independent injury to the health of himself and his family; but we do not’ understand the Court to decide that the overflowing of land is the only (though it is the most common) injury which can be done to it by the erection of a mill.
 

 In this case there was some testimony tending to show that the land of the petitioner was injured by the mill-pond of the defendant’s preventing a part of it from being thoroughly drained; and we think that his Honor erred in not leaving that testimony to the j ury; for, we think, that if the land were thus injured, the plaintiff was entitled to the remedy provided by the statute. There must be a
 
 venire de novo.
 

 Per Curiam.
 

 Judgment reversed.